IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50479
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN ESTRADA, JR.,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CR-62-1
- - - - - - - - - -

January 25, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

    Juan Estrada, Jr., appeals his guilty-plea conviction for

possession with intent to distribute cocaine in violation of 21

U.S.C. § 841(a)(1) and possession of a firearm by a convicted

felon in violation of 18 U.S.C. § 922(g).  Estrada argues that

the district court erred in denying his motion for suppression of

evidence seized after his automobile was stopped by an officer of

the San Antonio Police Department.  He contends that he did not

violate a Texas traffic statute.  The district court did not err

_____

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in finding that the traffic stop was reasonable because the police officer had probable cause to believe that Estrada committed a traffic violation of changing lanes without using a turn signal.  See Tex. Transp. Code Ann. §§ 545.104 & 545.106 (Vernon 1999); United States v. Miller, 146 F.3d 274, 277 (5th Cir. 1998).

Estrada argues that the district court erred in basing its decision primarily on information obtained from first-time informants whose reliability and credibility were not properly established.  Estrada is apparently referring to a prior police report that a man named Juan Estrada, who drove a car matching the description of the car Estrada was driving when stopped for the instant traffic violation, had committed an aggravated kidnapping.  As noted above, the district court did not err in holding that the initial traffic stop was reasonable.  The subsequent arrest and search of Estrada was based on his failure to obey the police officers' lawful command to stop the engine of the automobile and for his subsequent assaultive behavior.  The district court did not base its decision primarily on information of first-time informants whose reliability had not been established.

Estrada argues that the inventory search of his automobile was unconstitutional because it was not conducted pursuant to a standardized policy of the San Antonio Police Department.  The district court did not err in holding that the evidence presented at the hearing concerning the motion to suppress, including the testimony of two police officers and the supervisor of the

property room, indicated that the San Antonio Police Department has an unwritten policy of opening closed or locked containers during inventory searches to determine the contents and protect property and officers' safety.  See United States v. Hope, 102 F.3d 114, 116 (5th Cir. 1996).

AFFIRMED.